IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LOUIS DIOR AMIR,

                Petitioner,

v.

                                            9:20-CV-0306
                                            (GTS/TWD)

WILLIAM BARR, United States Attorney,

                Respondent.

---

APPEARANCES:                                                OF COUNSEL:

LOUIS DIOR AMIR
R31982-160
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Petitioner Louis Amir filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as various exhibits in support of his petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex.").[1] He is confined at the Federal Correctional Institution ("FCI") in Ray Brook, New York, and has paid the statutory filing fee. Pet. at 11, 13; Dkt. Entry for Pet. dated 02/14/20 (indicating receipt information for the filing fee transaction).

---

[1] Citations to any submissions or court orders refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## II. RELEVANT BACKGROUND

### A. Underlying Criminal Conviction

On November 21, 2011, petitioner was sentenced by the United States District Court for the Northern District of Ohio after a jury found him guilty of conspiracy to commit fraud, perjury, and several counts of wire fraud and money laundering in violation of 18 U.S.C. §§ 371, 1343, 1623, and 1957. Ex. at 9-10; *see also United States of America v. Amir*, No. 1:10-CR-0439 (N.D.Oh.) ("*Amir I*"), Dkt. No. 123, Jury Verdict dated 09/09/11; Dkt. No. 150, Judgment dated 11/21/11.[2]

On November 30, 2011, petitioner filed a notice of appeal with the United States Court of Appeals, Sixth Circuit. *Amir I*, Dkt. No. 152. The Sixth Circuit dismissed the appeal. *Amir I*, Dkt. Nos. 162, 168, 176. Petitioner then moved to reinstate the appeal and his request was granted. *Amir I*, Dkt. No. 192.

While the reinstated appeal was pending, petitioner filed a habeas corpus petition seeking to vacate his conviction pursuant to 28 U.S.C. § 2255. *Amir I*, Dkt. No. 199. The petition was extremely difficult to decipher, but it appeared that petitioner alleged the court lacked jurisdiction over him because he "is not a Citizen of the United States[.]" *Id.* at 4; *see also id.* at 8 (explaining that the federal government "has obscured the true meaning of united States of America's government . . . [and violated petitioner's] God given right to freedom by consent through unlawful legislation by a congress of the United States administrative federal corporation which does not act in the interest of the People of the Republic," and that individuals are "Citizens of their sovereign States . . . subjected to a

---

[2] Petitioner attached the judgment from his criminal case to his petition. Ex. at 9-16.

jurisdiction foreign to their States of residence."). On October 1, 2013, the petition was dismissed without prejudice because the direct appeal was pending; however, the Court also noted that petitioner's "arguments that the United States lacks jurisdiction to prosecute him for federal crimes because he is a 'natural man' and a 'Republic Citizen' are frivolous, and similar arguments have been universally rejected by the Sixth Circuit and other courts." *Amir I*, Dkt. No. 231 at 2-3; *see also id.*, Dkt. No. 232 (Judgment dismissing § 2255 petition without prejudice).

The Sixth Circuit then remanded the case back to the district court for an evidentiary hearing to determine whether petitioner was deprived of meaningful representation during his competency hearing. *See Amir I*, Dkt. No. 247 at 1. On July 16, 2014, a hearing was conducted, and, on August 21, 2014, the district court determined that petitioner did receive adequate representation and there was "no reason to vacate [petitioner's] conviction or sentence." *Id.* at 6-10. Thereafter, the Sixth Circuit affirmed petitioner's conviction. *Amir I*, Dkt. No. 274.

### B. Other Habeas Petitions

On January 22, 2018, petitioner sought federal habeas relief pursuant to 28 U.S.C. § 2241. *Amir v. Zuniga*, No. 1:18-CV-0039 (W.D.Pa) (*"Amir II"*), Dkt. No. 1, Petition; Dkt. No. 1-1, Exhibits. The substance of the petition challenged the "invalid and illegitimate commitment, detention, imprisonment or otherwise detainment in the custody of the United States," resulting from criminal case number 1:10-CR-0439. *Amir II,* Petition at 1; *see also Amir II*, Exhibits at 72-79 (2011 Judgment in petitioner's criminal case for conspiracy to commit fraud, perjury, and several counts of wire fraud and money laundering). However,

3

the case was not properly commenced because no filing fee or application to proceed in forma pauperis ("IFP") was filed so the case was administratively closed.[3] *Amir II*, Dkt. No. 7, Order Administratively Closing Case.[4] In response, petitioner agreed to administratively closing his civil actions. *Amir II*, Dkt. No. 8 at 2. Further, petitioner denied ever seeking any type of relief in the district courts of Ohio or Pennsylvania or the Third Circuit. *Id.* Moreover, petitioner denied ever previously filing a habeas corpus petition. *Id.* The court provided petitioner with one final chance to properly commence his petition by either paying the filing fee or filing a properly certified IFP application. *Amir II*, Dkt. No. 10. No further submissions were filed with the court.

On August 28, 2018, petitioner's writ for a habeas corpus petition, initially filed in Pennsylvania Supreme Court, was successfully removed to the Federal District Court in the Western District of Pennsylvania ("the Western District"). *Amir v. Williams*, No. 1:18-CV-0241 (W.D.Pa.) ("*Amir III*"), Dkt. No. 1, Notice of Removal. Petitioner asserted that his 2011 criminal conviction, represented in criminal docket No. 1:10-CR-0439 from the Northern District of Ohio, was invalid for lack of evidence and jurisdiction. *Amir III*, Dkt. No. 1-2 at 6, 12-15. Respondent opposed the petition. *Amir III*, Dkt. No. 9, Response.

---

[3] The action was initially filed in the United States District Court for the Northern District of Ohio; however, the case was transferred to the Western District of Pennsylvania because, given petitioner's place of incarceration, that was where the petition should have been filed. *See Amir v. Zuniga*, No. 1:18-CV-0159 (N.D.Oh.), Dkt. No. 1, Petition; Dkt. No. 4, Transfer Order dated 02/02/18.

[4] Petitioner also filed a complaint against the warden, pursuant to 28 U.S.C. § 1331. *Amir v. Zuniga*, No. 3:18-CV-0201 (M.D.Pa), Dkt. No. 1, Complaint. The complaint was transferred to the Western District of Pennsylvania. *Id.*, Dkt. No. 2.

Upon receipt in the Western District, the filing was closed as duplicative of relief petitioner was already pursuing in *Amir III*. *Amir v. Zungia*, No. 1:18-CV-0038 (W.D.Pa.) ("*Amir IV*"), Dkt. No. 4, Order. Petitioner filed a notice declaring that his filing was not a petition seeking federal habeas relief pursuant to § 2241 and that he consented to the administrative closure of his action. *Amir IV*, Dkt. No. 6, Notice; Dkt. No. 7, Amended Notice. The Court provided petitioner with a final opportunity to commence a petition by either paying the filing fee or submitting an IFP application. *Amir IV*, Dkt. No. 10. While petitioner subsequently filed another notice with the court, it did not comply with the court's prior order; therefore, the action was not reopened. *Amir IV*, Dkt. No. 11.

On December 28, 2018, the Western District dismissed the motion for lack of jurisdiction. *Amir III*, Dkt. No. 10, Memorandum of Law in Opposition. Specifically, the court held that

> [p]etitioner's claims challenge the validity of his conviction and sentence, not the BOP's execution of his sentence[; therefore,] . . . given the nature of his claims, the only way that he can challenge the validity of his conviction and sentence is in a § 2255 motion filed with his trial court. He cannot avoid AEDPA's gatekeeping requirements, and in particular here its one-year statute of limitations, by filing a habeas petition in state court, or styling his habeas petition as something other than a § 2241 petition.

*Id.* at 6.

## III. THE PRESENT PETITION

The present petition is nearly impossible to decipher as it is primarily a compilation of various statutory citations and definitions without reference to any facts or specific claims. *See* Pet.[5] However, it is clear that petitioner is again challenging his 2011 sentence, pursuant to a jury verdict, from the Federal District Court in the Northern District of Ohio, for conspiracy to commit fraud, six counts of wire fraud, thirteen counts of money laundering, and perjury in violation of 18 U.S.C. §§ 371, 1343, 1623, 1957. Ex. at 9-16.

Petitioner contends that he "has been fraudulently committed to the custody of the Attorney General" and that he "DEMANDS to be DISCHARGED from the custody of the Attorney General . . . [and] his acting agent Warden S. Lovett[.]" *Id.* at 1. Specifically, it appears petitioner challenges whether "there was probable cause to believe that [petitioner] . . . had committed [a crime] . . . against the laws of the United States," and whether the court

---

[5] The present petition was transferred to this Court from the District of Columbia on March 19, 2020. *Amir v. Barr*, No. 1:20-CV-0437 (D.C.), Dkt. No. 1, Petition; Dkt. No. 2, Transfer Order.

had proper jurisdiction over petitioner. *Id.* at 10; *see also* Ex. at 16 (indicating petitioner "rebutt[ed the] . . . presumption of being within federal jurisdiction[.]"). It also appears that petitioner may be asserting that he received ineffective assistance of counsel as he included a "Notice of Termination of Counsel of Record" as an exhibit in support of his petition. Ex. at 1.

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV- 4010, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P.

4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings."). In the event a petitioner seeks to file a second or successive § 2255 motion, the appropriate court of appeals must certify that either

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, . . . was previously unavailable.

28 U.S.C. § 2255 (h)(1)-(2).

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands

7

it." *Triestman*, 124 F.3d at 378 (citations omitted).

Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

While this proceeding is brought pursuant to § 2241, it is actually a § 2255 petition in disguise. Petitioner challenges the legal sufficiency of his conviction and the federal court's jurisdiction to impose it. These arguments deal with the imposition of petitioner's sentence, not its execution. *See Adams*, 372 F.3d at 135 (explaining that a "challenge . . . to the jurisdiction of the convicting court . . . is a challenged to the imposition of the sentence, not its execution. Thus, § 2255 is the appropriate section under which he must seek relief."). This is also the same challenge to the same criminal conviction via the same method which petitioner attempted, in 2018, in the Western District of Pennsylvania. *Amir III*, Dkt. No. 1, Notice of Removal. The Western District dismissed the petition explaining that because the petition challenged the imposition of petitioner's sentence the proper vehicle to seek relief

8

was a § 2255 petition before the sentencing court in the Northern District of Ohio. *Amir III*, Dkt. No. 10, at 6. No other court can properly exercise jurisdiction over such claims. *Boumediene*, 553 U.S. at 775.

The same logic holds true here. As previously stated, petitioner is again seeking to challenge the imposition of his underlying criminal conviction and sentence which can only be accomplished pursuant to 28 U.S.C. § 2255. *See Adams*, 372 F.3d at 135. This petition must be filed in the jurisdiction which convicted and sentenced petitioner, which is the Northern District of Ohio, unless petitioner can demonstrate that Section 2255 is "inadequate or ineffective."

Petitioner cannot do so here. In order to demonstrate inadequacy or ineffectiveness, petitioner must show that he was actually innocent and could not have previously brought his claims. However, petitioner does not allege or offer any evidence that he was actually innocent. *See Cephas*, 328 F.3d at 105 (dismissing § 2241 petition for lack of jurisdiction where petitioner has a "patent inability to establish [actual innocence pursuant to the record.]"). Nor has petitioner identified any reason he could not have raised these claims earlier. In fact, he raised all of these claims in all of his prior habeas petitions. *See Cephas*, 328 F.3d at 105 ("where. . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."). Accordingly, the petition is dismissed for lack of jurisdiction.

**V. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: March 31, 2020
     Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge